UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06888-AYP Date: November 18, 2026

Title Avtar Singh Sandu v. Todd Blanche et al

Present: The Honorable: Anna Y. Park, United States Magistrate Judge

| M. Pogosyan | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**PROCEEDINGS: (IN CHAMBERS) MINUTE ORDER GRANTING TRO**

On November 16, 2026, Avtar Singh Sandhu ("Petitioner") filed a Petition for Writ of Habeas Corpus (the "Petition") under 28 U.S.C. § 2241 ("Petition," Dkt. No. 1) and a Motion for Temporary Restraining Order ("TRO," Dkt. No. 3). Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") at the Adelanto Detention Facility located in Adelanto, California, and seeks a TRO requiring Respondents to keep him in this District and in this country pending the resolution of this Petition. (TRO at 6.)

The Court issued Notice of General Order 26-05 on November 16, 2026, requiring Respondents to provide at least two court days' notice to the petitioner, petitioner's counsel, and the Court of its intent to remove the petitioner from the Central District of California and setting a briefing schedule on Petitioner's Application. (*See* Dkt. No. 6.)

For the reasons set forth below, the Court **GRANTS** the Application.

## I. BACKGROUND

Petitioner is a native of India. (Dkt No. 1 ¶ 18 ("Petition").) Petitioner is the recipient of an approved I-130 Petition, and his spouse is a Legal Permanent Resident. He also has a pending I-589 application. (Pet. ¶ 19.) Petitioner's wife, Harjit Kaur Sandhu, recently had pregnancy related surgery in August, and was diagnosed with blood clots in both of her legs, and she now requires assistance to move at home. (Pet. ¶ 20.). On October 15, 2026, Petitioner appeared at his scheduled ICE check-in where he was expected to "receive immigration paperwork." (Pet. ¶ 21.) At this appointment, Petitioner was told to come back in three weeks with additional paperwork which related to the status of his truck driving license. *Id*. On or around November 5, 2026, Petitioner appeared with this paperwork, alone, and without counsel, at the Los Angeles facility at 300 North Los Angeles Street, when officers detained and then arrested Petitioner, and he is now being held in a facility in Adelanto. (Pet. ¶ 22.)

Since his detention, Petitioner has remained detained without adequate procedural safeguards. (Pet. ¶ 23.) Petitioner argues his detention without bond under these conditions is unlawful in violation of well-established immigration laws, the Constitution of the United States, specifically the Fifth and Eighth Amendments of the United States Constitution, and the interstate agreement on detainees (IAD) through O.C.H.A § 42-6-20. 25. (Pet. ¶ 24.)

Petitioner has strong community ties; a wife, a home, and he has lived in El Monte for nearly 10 years, with no criminal record. (Pet. ¶ 25.) Petitioner argues he does not present a danger to the community, as he is law abiding, has a wife and a home and is the primary breadwinner for their family. (Pet. ¶ 26.) Petitioner also argues he does not present a meaningful flight risk. (Pet. ¶ 27.) He has a steady job, medical insurance, and his wife was granted Legal Permanent Status, and he wants to be home to help his wife with her medical conditions. *Id*.

Petitioner requests that this Court issue a temporary restraining order and preliminary injunction pursuant to FRCP 65, prohibiting Respondents, ICE, and those acting in concert with Respondents from transferring Petitioner outside the territorial boundaries of the Central District of California during the pendency of these proceedings, absent further order of this Court. (TRO at 2.)

## II. LEGAL STANDARD

### A. *Ex Parte* Applications

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)). "Consistent with [the Supreme Court's] overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Id.* (discussing parties' failure to provide notice under Fed. R. Civ. P. 65(b)).

In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

### B. Temporary Restraining Orders

Federal Rule of Civil Procedure ("Rule") 65 grants district courts the power to issue injunctions and restraining orders. Issuance of a TRO, as a form of preliminary injunctive relief, is an extraordinary remedy, and the applicant for such a remedy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06888-AYP Date: November 18, 2026

Title Avtar Singh Sandu v. Todd Blanche et al

bears the burden of proving its propriety. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In general, the showing required for a TRO and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The applicant for a TRO must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm absent the injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). "In the Ninth Circuit, a plaintiff may also prove a TRO is warranted by raising 'serious questions going to the merits.'" *NML Cap., Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111, 1125 (C.D. Cal. 2011) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)). Where the non-movant is a government entity, "the third and fourth [*Winter*] factors . . . merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).

## III. DISCUSSION

### A. *Ex Parte* Application and *Mission Power* Factors

Petitioner has satisfied the *Mission Power* factors. Petitioner only seeks to remain within the Central District's jurisdiction to continue to care for his wife. If he is removed from this jurisdiction, he will not be able to care for her. Additionally, Petitioner has an approved I-130 petition, and his spouse is a legal permanent resident. He also has a pending I-589 asylum application. Petitioner will be harmed if he is transferred out of this jurisdiction. His presences in the United States and the Central District is important for his pursing his immigration status. A transfer outside the District would separate Petitioner from his counsel and from the Immigration Court before which his removal case is docketed which would unduly prejudice him.

Furthermore, Petitioner is without fault in creating the crisis that requires *ex parte* relief. He appeared voluntarily at his scheduled ICE check-in appointment with his immigration paperwork and was detained in the Central District. He intends to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06888-AYP Date: November 18, 2026

Title Avtar Singh Sandu v. Todd Blanche et al

continue pursuing his immigration status filings. Though jurisdiction survives a transfer of location, he would be harmed by any transfer. Thus, *ex parte* relief is warranted.

B. Request for Release from Detention

*i. Likelihood of Success on the Merits*

Petitioner has demonstrated a likelihood of success on the merits of his habeas request for release from detention. He argues that immigration authorities, ICE officers, took Petitioner into custody at the ICE office when he was reporting voluntarily to receive immigration paperwork. (Pet. Ex. C.) Petitioner was not provided with any notice or a hearing of any kind prior to his detention, nor was he provided with a bond hearing. *Id.* It appears that Petitioner's due process was violated.

Additionally, it appears that Petitioner is part of the *Va2026,z Perdomo* Class.[1] The Court issued a preliminary injunction on September 2, 2026 stating the government is "enjoined from enforcing their policy and practice of making warrantless civil immigration arrests in this District without a prearrest individualized determination by the arresting agent or officer of probable cause that the person being arrested is likely to escape before a warrant can be obtained, as required by 8 U.S.C. 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)." *Vasquez Perdomo v. Mullin*, No. 2:25-CV-05605-MEMF-SP, 2026 WL 2751388, at *31 (C.D. Cal. Sept. 2, 2026).

For these reasons, Petitioner has shown a likelihood of success on the merits of his habeas petition and request for immediate release from detention.

[1] "The Warrantless Arrest Class is defined as follows: All persons, since June 6, 2025, who have been arrested or will be arrested in this District for alleged immigration violations without a warrant and without a pre-arrest, individualized assessment of probable cause that the person poses a likelihood of escape." *Vasquez Perdomo v. Mullin*, No. 2:25-CV-05605-MEMF-SP, 2026 WL 2752137, at *24 (C.D. Cal. Sept. 2, 2026).

*ii. Irreparable Harm*

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

Petitioner argues that a transfer outside the district would separate Petitioner from his wife. (Pet. at 5–6.) It would also complicate the Court's ability to give effect to any order on the Petition. A removal from the United States would be worse because it would separate Petitioner from his wife and from the family-based process he is pursuing and put him beyond the reach of any relief this Court could grant.

This factor weighs in favor of granting Petitioner's request.

*iii. Balance of Equities and Public Interest*

As detailed above, the last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). As to Respondent's interests, there is a compelling interest in the enforcement of the nation's immigration laws. *See Medina v. U.S. Dep't of Homeland Sec.*, 313 F. Supp. 3d 1237, 1252 (W.D. Wash. 2018). The balance of equities and the public interest factors tip in favor of Petitioner because he is challenging Respondent's likely violation of federal law. *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law." (citations omitted)); *Luu v. Bowen*, No. 5:25-CV-03145-MEMF-SP, 2025 WL 3552298, at *10 (C.D. Cal. Dec. 11, 2025) ("'Public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.'" (quoting *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005))); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (noting

that the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

Accordingly, and considering the other factors that the Court has already examined, Petitioner is entitled to relief.

**IV. Conclusion**

Petitioner has demonstrated the requisite basis for emergency relief under *Winter v. Natural Resources Defense Council*, because the alleged harm could occur during the pendency of the underlying habeas petition. *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008).

For the foregoing reasons, the Court **GRANTS** the Application and **ORDERS** as follows:

1. Respondents are ORDERED not to remove Petitioner from this judicial district or the United States pending the resolution of this matter.

**IT IS SO ORDERED.**

:

**Initials of Preparer** mp